UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND FREEMAN, </br></br>    Plaintiff </br></br> v. </br></br> CAROLYN W. COLVIN, </br> *Acting Commissioner of Social Security,* </br></br>    Defendant | </br></br></br></br></br> No. 2:14-cv-412-JHR |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge erred in refusing to admit additional evidence submitted less than five days prior to his hearing and in rejecting an opinion of treating physician Nicolas Handanos, M.D. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 3-9. I find no reversible error and, accordingly, affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 10, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 16.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, Finding 1, Record at 17; that he had severe impairment of peripheral neuropathy status-post left hand injury, Finding 3, *id*. at 18; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could never climb ladders, ropes, or scaffolds, could perform occasional handling and fingering (left hand restriction only), should avoid work around hazards, including machinery, and should avoid concentrated exposure to extreme cold, which would exacerbate his pain and numbness, Finding 5, *id*.; that, considering his age (30 years old, defined as a younger individual, on his alleged disability onset date, April 15, 2009), education (at least high school), work experience (transferable skills), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 21-22; and that he, therefore, had not been disabled from April 15, 2009, through the date of the decision, July 17, 2013, Finding 11, *id*. at 23.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Refusal To Admit Late-Tendered Evidence

At the outset of the plaintiff's June 11, 2013, hearing, the administrative law judge noted that a great deal of material had been submitted within the previous five days. *See* Record at 31. The cover letter transmitting those materials is not of record; however, the plaintiff later described it as follows: "In the cover letter to the [administrative law] judge, counsel said that the record[s] were received on June 10 (the day before the hearing), and submitted on the same day, suggesting that the late submission was unavoidable." *Id*. at 337.

At hearing, the administrative law judge asked the plaintiff's counsel, "Maybe you know the story of what some of that is?" *Id*. at 31. The plaintiff's attorney responded:

> We had some difficulty getting those records. They did come in and we made the determination to send them. . . . [S]ome of them are more recent, but we had some difficulty getting those records.

*Id.* The administrative law judge commented, "I did not anticipate admitting them, but certainly I will look at them and evaluate them in terms of the whole." *Id*. at 32. In his decision, the administrative law judge stated that he declined to admit the late-tendered evidence on the basis

3

that the requirements of 20 C.F.R. § 405.331(b) "are not met." *Id.* at 15.  He did not elaborate. *See id*.

Section 331(a) provides that a claimant "must submit any written evidence no later than 5 business days before the date of the scheduled hearing."  20 C.F.R. § 405.331(a).  If he does not, "[t]he administrative law judge may decline to consider the evidence unless the circumstances described in paragraphs (b) or (c) of this section apply."  *Id*.

Paragraph (b) provides:

If [a claimant] miss[es] the deadline described in paragraph (a) of this section and [he] wish[es] to submit evidence during the five business days before the hearing or at the hearing, the administrative law judge will accept the evidence if [the claimant] show[s] that:

(1)   [The commissioner's] action misled [the claimant];

(2)   [The claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented [him] from submitting the evidence earlier; or

(3)   Some other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [him] from submitting the evidence earlier.

20 C.F.R. § 405.331(b).

The plaintiff contends that the administrative law judge erred in failing to find, pursuant to section 331(b)(3), that circumstances beyond his control prevented the earlier submission of the materials at issue.  *See* Statement of Errors at 3-6.  He asserts that, as soon as his counsel became aware that he had received additional medical treatment in April 2013, including treatment with Dr. Handanos, counsel immediately requested the records.  *See id*. at 4.  He states that, after several follow-up requests, counsel received the records one day prior to his hearing and submitted them on the same day.  *See id*. at 4-5.

He argues that he did not have ultimate control over the timing of the treating providers' submission of the records, which were requested and re-requested in a timely manner, and that this was not a case of an attempt to "sandbag" an administrative law judge at the last possible moment or delay a hearing, which he contends is "the problem that 20 C.F.R. § 405.331 was created to avoid." *Id*. at 5-6.

The plaintiff demonstrates no error. The only justification supplied to the administrative law judge, in either the cover letter transmitting the materials or at the hearing, was that the plaintiff had "some difficulty" getting the records and had submitted them immediately when they did finally arrive. This showing was patently insufficient to satisfy the "rather rigorous standard" of section 405.331(b)(3), *Raymond v. Astrue*, No. 1:12-cv-92-DBH, 2012 WL 6913437, at *2 (D. Me. Dec. 31, 2012) (rec. dec., *aff'd* Jan. 18, 2013), begging the question of why the plaintiff had difficulties, when he sought the records, and what measures he took thereafter to secure them.[2]

Even taking into account the arguments made for the first time on this appeal, the plaintiff's showing falls short. As the commissioner notes, *see* Opposition at 3-5, the plaintiff still does not explain, let alone supply evidence corroborating, when he became aware of the missing records, why he only then became aware of them, how soon afterward he requested them, and what efforts he thereafter made to secure them in a timely fashion. Such details are material to assessment of whether the standard is met. *See, e.g., Caiazzo v. Colvin*, No. 2:13-cv-00155-JAW, 2014 WL 1569529, at *3-*4 (D. Me. Apr. 17, 2014) (good cause not shown when claimant attributed delay to fact that doctor's office repeatedly sent assessment to wrong fax number; claimant was represented by counsel who was expecting the assessment and could have made inquiry of the

---

[2] As the commissioner points out, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 4, the plaintiff's counsel's pre-hearing brief, dated June 7, 2013, made no mention that additional evidence had been requested but not received, *see* Record at 334-36.

doctor's office); *Raymond*, 2012 WL 6913437, at *1-*2 (good cause not shown when claimant attributed delay to his unawareness that records existed or that his estranged wife possessed them, but he did not claim that memory problems or any other impairment prevented him from remembering the records or that anything prevented him from inquiring whether his estranged wife had them); *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *5 (D. Me. Mar. 29, 2011) (rec. dec., *aff'd* Apr. 18, 2011) (good cause not shown when plaintiff attributed delay to a miscommunication between counsel and counsel's staff).

That the plaintiff did not intend to "sandbag" the administrative law judge or delay the hearing is beside the point. *See Newcomb v. Astrue*, No. 2:11-cv-02-GZS, 2012 WL 47961, at *10 (D. Me. Jan. 6, 2012) (rec. dec., *aff'd* Jan. 24, 2012) ("[T]he language of section 405.331 is clear. An administrative law judge has no obligation to accept late[-]tendered evidence unless good cause is shown. Neither that regulation, nor the authorities cited by the [claimant], indicates that, in the absence of a showing of good cause, the commissioner's policies of full and fair record development trump the concern that led to the promulgation of section 405.331: that the late submission of evidence to the administrative law judge significantly impeded the commissioner's ability to issue hearing decisions in a timely manner.") (citation, internal punctuation, and footnote omitted).

### B. Rejection of Treating Source Opinion

The administrative law judge resolved a conflict in the opinion evidence as to the plaintiff's physical capabilities by according significant weight to the opinion of an agency nonexamining consultant, Karen Schnute, M.D., and little weight to the April 8, 2013, opinion of Dr. Handanos. *See* Record at 21, 442-45.

Dr. Handanos had indicated, *inter alia*, that the plaintiff could occasionally lift/carry less than 10 pounds, stand and/or walk for less than two hours in an eight-hour workday, needed to periodically alter sitting and standing to relieve discomfort, and had additional postural, manipulative, and environmental limitations. *See id.* at 442-45.

The administrative law judge articulated three reasons for giving the Handanos opinion little weight:

1. Dr. Handanos "deemed himself unqualified to perform such an evaluation[,]" having earlier stated that "he was not capable of providing a statement of the [plaintiff's] physical or psychological disability as he did not have the training to do so." *Id*. at 21 (citation omitted).

2. "[T]he last medical evidence provided by Dr. Han[danos] was from June 2012, making his April 2013 evaluation outdated." *Id*.

3. Dr. Handanos had evidently limited the plaintiff to less than a sedentary work capacity with a sit-stand option based on his back pain; however, those severe limitations appeared to overstate his back limitations, "given the extent of his treatment and the lack of a diagnosis to explain his symptoms." *Id*. The administrative law judge explained that the available medical evidence indicated that the plaintiff had "complained of intermittent back pain and radiculopathy" and "appear[ed] not to have been treated other than with pain medications[.]" *Id*.

Nonetheless, the administrative law judge stated that he gave great weight to Dr. Handanos' opinion insofar as he assessed environmental and manipulative limitations for the plaintiff's left hand, "as they [were] consistent with the extent of [the plaintiff's] injury and his treatment[.]" *Id*.

The plaintiff complains, *see* Statement of Errors at 6-9, that the administrative law judge failed to supply the requisite "good reasons" for discrediting a treating source opinion, *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (an administrative law judge must "give good reasons in

7

[his] notice of determination or decision for the weight [he] give[s] [a claimant's] treating source's opinion"), in that he:

    1.    Wrongly and unfairly deemed Dr. Handanos' opinion "outdated," even though he knew that the excluded evidence contained additional progress notes of Dr. Handanos for the period through April 19, 2013.  *See* Statement of Errors at 6-7;

    2.    Had no basis to deem Dr. Handanos "unqualified" when he is qualified pursuant to relevant regulations, 20 C.F.R. §§ 404.1513(a), 404.1527(c), 416.913(a), and 416.927(c).  *See id*. at 7-8;

    3.    Erroneously focused on the lack of a diagnosis, which this court has specifically held need not be supplied.  *See id*. at 8 (citing *Moore v. Astrue*, No. 2:09-cv-297-GZS, slip op. at 6-7 (D. Me. Dec. 31, 2012) (rec. dec., *aff'd* Jan. 28, 2013), a copy of which is appended to the Opposition, for the proposition that a claimant is not obligated to prove that he has a particular diagnosis but must only prove that he has a medically determinable condition that imposes limitations on his ability to work);

    4.    Overlooked that the medical evidence supported not only the existence of a medically determinable back impairment but also its severity.  *See id*. (arguing that a March 10, 2012, MRI demonstrated loss of the lumbar lordosis, commonly the result of muscle spasm, and that the presence of muscle spasms, as well as pain, supported the Handanos opinion); and

    5.    Contradicted himself, stating that he gave the opinion little weight but then giving great weight to a portion of it, despite finding Dr. Handanos "unqualified."  *See id*. at 7.

    The commissioner admits that the administrative law judge erred in deeming the Handanos opinion outdated; however, she persuasively argues that the error was harmless because he otherwise supplied adequate reasons for partially discounting the opinion.  *See* Opposition at 6-

12; *see also, e.g., Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *5 (D. Me. Dec. 28, 2010) (rec. dec., *aff'd* Jan. 18, 2011) (declining to consider whether all of administrative law judge's reasons for discounting treating source opinion bore scrutiny when highlighted inconsistencies, in themselves, constituted good reason to reject the opinion).

First, as the commissioner argues, *see* Opposition at 8-9, the administrative law judge did not find Dr. Handanos unqualified within the meaning of the regulations. Rather, he merely noted that Dr. Handanos had deemed himself unqualified to opine on the plaintiff's capacities. *See* Record at 21; *see also id*. at 414 (letter from Dr. Handanos stating, "In regards to a statement on the [plaintiff's] physical and psychiatric disability I have neither the training nor the ability to do these, if that is necessary I will need to refer the [plaintiff] to someone who does the physical and psychiatric disability evaluation."). This was a proper basis on which to accord little weight to the Handanos opinion.

It follows, as the commissioner reasons, *see* Opposition at 9, that the administrative law judge did not contradict himself. He merely concluded that, while the fact that Dr. Handanos deemed himself unqualified was grounds, in general, for discounting his opinion, his assessed environmental and manipulative limitations were nonetheless consistent with the extent of the plaintiff's hand injury and treatment. *See* Record at 21. In addition, as the commissioner observes, *see* Opposition at 9, Dr. Handanos' environmental and manipulative limitations, unlike his back-related limitations, were largely consistent with those assessed by Dr. Schnute, *compare* Record at 192-94 *with id*. at 442-45. Beyond this, as a general proposition, an administrative law judge need not accept or reject a medical opinion *in toto*. *See, e.g., Evangelista v. Secretary of Health & Human Servs.,* 826 F.2d 136, 144 (1st Cir. 1987) ("The basic idea which the claimant hawks – the notion that there must always be some superevaluator, a single physician who gives the

factfinder an overview of the entire case – is unsupported by the statutory scheme, or by the caselaw, or by common sense, for that matter."); *Kaylor v. Astrue,* No. 2:10-cv-33-GZS, 2010 WL 5776375, at *4 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011) ("[A]n administrative law judge may pick and choose among portions of expert opinions[.]").

Second, as the commissioner points out, *see* Opposition at 9-10, *Moore* is inapposite in that the administrative law judge found that the plaintiff had a medically determinable, albeit nonsevere, back impairment, *see* Record at 18. The finding of a nonsevere back impairment, moreover, was supported by substantial evidence. The administrative law judge noted, for example, that the March 2012 MRI was normal but for possible muscle spasms, that the plaintiff had been able to walk daily for exercise, and that he had not required physical therapy, surgery, epidural injections, or other treatment for pain. *See id.* In addition, as the commissioner observes, *see* Opposition at 8 n.5, Dr. Schnute deemed the plaintiff's back impairment nonsevere, *see* Record at 191.

At oral argument, the plaintiff's counsel contended that the administrative law judge had wrongly rejected Dr. Handanos' back-related limitations on the basis of a purported lack of sufficiently aggressive treatment when he was not qualified, as a layperson, to criticize the level of treatment. This argument is unavailing, both because it was not raised in the statement of errors, *see* Statement of Errors at 7-9; *Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted), and because he cites no authority for the proposition that an administrative law judge cannot draw a reasonable,

commonsense inference from relatively light or intermittent treatment that a claimant is not as limited as a treating source contends.

## II.  Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 1st day of July, 2015.

                                                  /s/  John H. Rich III
                                                  John H. Rich III
                                                  United States Magistrate Judge